UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRAIG NEAL STOVER           MOVANT/DEFENDANT

v.              CRIMINAL ACTION NO. 3:07CR-75-S
               CIVIL ACTION NO. 3:10CV-236-S

UNITED STATES OF AMERICA        RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

   This matter is before the Court for preliminary review of Craig Neal Stover's *pro se* motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. *See* Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts; *see also Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that federal courts have discretion to consider *sua sponte* the timeliness of state habeas petitions). The Court entered a show cause order regarding Defendant's failure to file the motion within the one-year limitation period, § 2255(f), which expired in April 2009.

   The defendant has responded with specific allegations and argument in support of equitably tolling of the limitation period. Defendant contends he was promised a 60 month sentence as an inducement to enter a guilty plea. The defendant was sentenced, however, to 120 months. The defendant claims he received ineffective assistance of counsel because counsel promised or represented that the defendant would receive a more lenient sentence because of counsel's personal connections with the prosecutor and the sentencing judge. The defendant further claims that after receiving the harsher sentence, he instructed his attorney to file a notice of appeal, but counsel failed to do so.

   The defendant states that during the fifteen months following his sentencing hearing in

April 2008, he was "locked-up in county jail, in transit, or in administrative segregation." The defendant elaborates that during his confinement in the Oldham County Jail, he had no access to legal or personal papers or to any legal facilities. On June 9, 2008, the defendant was transferred to FCI Forrest City Low. The defendant states he was immediately placed in administrative segregation, where he had "very limited access" to legal materials, a legal library or resources, and had no access to § 2255 forms and the like, or telephone service. In July 2009, nonetheless, the defendant was released from administrative segregation. A motion to vacate under § 2255 was due April 2009, but his impediment to filing, the defendant argues, remained until June 2009, a full two months after the § 2255 deadline. Assuming, for purposes of preliminary review, the truth of the defendant's contention that counsel was ineffective, a deficiency which precluded the defendant's knowledge of the § 2255 deadline in April 2009, then the limitation period is tolled during the time of such impediment, presumably through June 2009, when the defendant was released from administrative segregation.

The question arises whether extraordinary circumstances existed after June 2009 to excuse the delay in filing the motion in April 2010? The defendant contends that during the fourteen months following his sentencing, he suffered extreme mental incapacity and physical impairment. He is a Vietnam veteran and experiences post-traumatic disorder as a result of a combat wound, for which he received a Purple Heart and other honorable distinction. The defendant claims he experiences panic attacks in any stressful situation. Unfortunately, the defendant provides little or no information of any extraordinary circumstances that impeded his effort to file a § 2255 motion. The defendant states that after June 16, 2009, the defendant began to investigate his case. He first learned that his attorney did not file an appeal and then ultimately filed this § 2255 motion within a year of the date that the alleged impediment to his

filing was removed.

The court concludes the defendant has stated sufficient grounds to survive preliminary review. The court makes no finding or ruling, however, as to merits of the statute of limitations defense or whether the doctrine of equitable tolling should apply to this case. These issues are reserved for the respondent's answer.

The Court will enter a separate order directing service of process on the respondent.


Copies to:   Defendant, *pro se*
             United States Attorney

4411.007